U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

APR 04 2013

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| OPELOUSAS GENERAL TRUST AUTHORITY | CIVIL ACTION 12-1830 |
| VERSUS | JUDGE HAIK |
| MULTIPLAN INC. ET AL | MAGISTRATE JUDGE HANNA |

## RULING

This case arises out of alleged violations of notice provisions of the Louisiana PPO Act, LSA-R.S. 40:2203.1 et.seq. The plaintiffs, health care providers with Preferred Provider Agreements, allege they have had their medical bills improperly discounted without prior notice since May 2002. The damages sought arise from a breach of the defendants' statutory duties. The defendants, Preferred Provider Organizations, removed this matter to federal court based on diversity, alleging improper joinder of American Lifecare, and the Class Action Fairness Act (CAFA), 28 USC section 1332(4)(A). The plaintiffs filed a motion to remand to the 27th JDC, Parish of St. Landry, arguing there is no improper joinder and the "local controversy exception" to the CAFA applies. Additionally, the defendants allege the claims are barred by prescription. For purposes of this ruling, the Court will address only those arguments it considers persuasive.

Federal courts are courts of limited jurisdiction. The burden of establishing federal jurisdiction lies with the party seeking the federal forum. *See Howery v. Allstate Ins. Co.*, 243 F.3d. 912. (5th Cir. 2001). The defendants have asserted that American Lifecare is a fraudulently joined defendant since the last claim processed by the plaintiffs with that company was more than two years prior to the filing of suit. The defendants state, "In this case, ALC did not process

any claim for any of the named Plaintiffs after January 2010. Plaintiffs did not file suit until May 2012." (Memorandum in Opposition to Motion to Remand, Page 8) Consequently, they are outside of the one year prescriptive period, resulting in the claims being prescribed and American Lifecare being improperly joined. The plaintiffs have argued that LSA-R.S. 40:2203.1 et seq does not contain a prescription period; instead, a ten year prescriptive period applies to their claims for penalties and attorney fees.

Prior to August 2004, Multiplan, Inc., Private Healthcare Systems, Inc. and American Lifecare operated as separate entities. In August 2004, Private Healthcare Systems acquired American Lifecare, which operated as a division. In October 2006, Multiplan acquired Private Healthcare Systems, including the American Lifecare division. Multiplan argues it "phased out" American Lifecare, processing the last claim by the plaintiffs with that company in January 2010. Although the declaration submitted by Marcy Feller, counsel for Multiplan, states that American Lifecare has no PPO contracts with the plaintiffs, plaintiffs Garr, Butuad, and Porubsky argue they have had a contract with American Lifecare since May 1994, and that contracts are still in effect. Michelle Talevich, the office manager for the plaintiffs' orthopedic clinic, and Tina Baus, with Advanced Rehab, have also issued declarations claiming the contracts exist. A copy of the contracts are attached as Exhibits 4A, 4B, and 4C of the plaintiffs' memorandum.

Further, the evidence presented through spreadsheets, deposition testimony, and various documents show that Drs. Garr, Butaud, and Porubsky maintained contracts with American Lifecare and, to date, their discounts are being taken by the defendants through the American Lifecare contacts. The contracts at issue renew automatically. Although the defendants argue the contracts were assigned to Private Healthcare Systems and/or Multiplan through the acquisitions, the Court finds the contracts were not assigned to any other company as both parties did not

consent in writing to such action, as required in Section 14.1 and 14.2 the contracts themselves. The Court does not find the language in the "revised" contracts affects this finding. Further, the evidence shows that a large number of contracts being discounted with Private Healthcare Systems discounts are providers with American Lifecare contracts. Consequently, the Court holds that contracts between the plaintiffs and American Lifecare exist and form a basis for claims made in this lawsuit.

With respect to prescription, the defendants argue a one year prescriptive period for delictual actions applies to this case, while plaintiffs argue a ten year prescriptive period for personal actions applies. Upon a thorough review of the arguments and authority presented, the Court finds the ruling of the Louisiana Third Circuit in *Gunderson v. F.A. Richard,* 44 So.3d. 779, although not binding on this court, is convincing and is more properly applied to this case than the cases cited by the defendants. The Louisiana PPOA, LSA-R.S. 40:2203.1 *et seq*, does not set forth a prescriptive period for violations of the notice requirement. This Court agrees, therefore, this action is personal in nature as defined by LA Code of Civ. P. Art. 422, which states in part:

> A personal action is one brought to enforce an obligation against the obligor, personally and independently of the property which he may own, claim, or possess.

Louisiana Civil Code Article 3499 states that personal actions are subject to a ten year prescriptive period "unless otherwise provided by legislation." The claim urged by Plaintiffs in this case is not "otherwise provided by legislation." Therefore, this court finds the ten year prescriptive period is the correct and the plaintiffs' claims are not prescribed.

To prevail in a claim for fraudulent joinder, a party must show there is no possibility of recovery against the non-diverse defendant. Based on the foregoing, the court finds the

defendants failed to meet that standard. It is held that American Lifecare is not a fraudulently joined party and diversity jurisdiction does not exist.

The plaintiffs additionally argue the "local controversy exception" to CAFA applies to this matter, supporting a remand. The defendants argue that prescription bars the claims asserted and that "significant relief" is not sought from American Lifecare. The issue of prescription has been addressed. The burden of proving the exception lies with the plaintiffs in this case. As noted by the parties, the Fifth Circuit addressed exceptions to CAFA recently in *Williams v. Homeland Insurance Co. of N.Y.*, 657 F.3d. 287 (5th Cir. 2011). In that case, the Court noted:

> The local controversy exception requires the district court to decline its jurisdiction under CAFA:
>
> 1. (A)(i) over a class action in which—
>
> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant—
>
> (aa) from whom significant relief is sought by members of the plaintiff class;
>
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>
> (cc) who is a citizen of the State in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

In this case, all of the plaintiffs are, by definition, citizens of Louisiana. The Petition itself states that the class is defined as, "All health care providers who are citizens of

Louisiana..." There has been no significant evidence presented by the defendants disputing this fact. As such, the first element is satisfied.

The second element requires at least one defendant to be a citizen of Louisiana from whom significant relief is sought and whose conduct forms a significant basis for the claims asserted by the class. In this case, American Lifecare is the entity against whom most, if not all, of the violations from 2002-2007 are claimed. The plaintiffs allege significant claims against American Lifecare, including the argument that American Lifecare is the only PPO with whom some of the plaintiffs had a contract. Additionally, American Lifecare was, in some instances, the only link permitting Multiplan and Healthcare Systems from taking discounts. The Court holds these fact, as well as those discussed previously herein, establish the second element for the local controversy exception. The plaintiffs are seeking significant relief from American Lifecare and the conduct of American Lifecare forms a basis for claims in this case.

Finally, it is undisputed that no other class action has been filed asserting the same or similar factual allegations against any of the defendants in this case by any of these plaintiffs in the three years preceding the filing of this suit. It is held the plaintiffs have established an exception to the Class Action Fairness Act exists in this case.

Based on the foregoing, this Court finds it does not have jurisdiction in this matter and the Motion to Remand is **GRANTED. This case is hereby remanded to the 27th JDC, Parish of St. Landry.**

THUS DONE and SIGNED on this 4th day of ~~March~~ April, 2013.

                                                    *[signature]*
                                       **RICHARD T. HAIK, SR., DISTRICT JUDGE**
                                       **UNITED STATES DISTRICT COURT**
                                       **WESTERN DISTRICT OF LOUISIANA**